## Ex Parte Vélez.

### Appeal from the District Court of Arecibo.

No. 733.—Decided December 19, 1911.

DOMINION-TITLE PROCEEDINGS—EVIDENCE—AFFIDAVITS.—Evidence consisting exclusively of affidavits is insufficient to prove dominion. The witnesses must appear personally in court to testify.

ID.—ADDITIONAL EVIDENCE.—A petition for dominion-title proceedings having been denied because the evidence consists entirely of affidavits, on motion of the petitioner the court may allow him to introduce additional evidence, it being unnecessary to institute new proceedings.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a proceeding to establish a dominion title to a tract of land containing 192 acres. The claimant, Ramón Vélez Alvarado, is a resident of New York. All the evidence offered in the case is in the form of affidavits filed with the application. The People of Porto Rico were cited through the Governor, and the *fiscal* of the Arecibo district having

been notified, appeared and contested the claim. The coterminus proprietors and former owners of the tract claimed, though duly cited, made no opposition to the proceedings. Unknown persons who might be interested in the matter were also cited by publication. On the trial the affidavits were presented and the opposition of the *fiscal* was considered, stating that the proceeding was not conducted in accordance with law. Whereupon the court, on the authority of article 395 of the Mortgage Law and the decision of this court of May 17, 1911, made in the case of Meléndez, refused its approval of the application and cast the applicant in the costs.

This resolution was entered on June 7 last. The applicant moved to set the same aside and this motion was denied on the 22d of the same month. From both of these orders the applicant appealed on July 5, and filed the transcript here on August 3. Appellant filed a brief herein, but no personal appearance was made for any one and the case was submitted on the record.

In his brief the appellant cites, as authorities in support of his appeal, the following: Articles 390, 391, 393, and 395, of the Mortgage Law, referring also to decisions of this court dated on May 17, 1911, *Meléndez* v. *Registrar of Guayama*, and on February 14, 1911, *Porto Rican Leaf Tobacco Co.* v. *Registrar of Caguas.*

The basis of the decision made by the District Court of Arecibo, from which this appeal was taken, is clearly because the trial judge did not consider the evidence sufficient, consisting as it did solely of affidavits which were not admissible or were not, without other testimony, alone strong enough to support a dominion title. This we may consider to be matter involved on this appeal.

Article 390 of the Mortgage Law reads as follows:

"Article 390. To facilitate the compliance of the preceding article, to owners who lack a recorded title of ownership, no matter at what period the acquisition took place, they shall be permitted to record their interest by previously proving their possession, before the Judge

of First Instance of the place where the estates are located, with the consent of the Department of Public Prosecution and citation of the adjacent property owners, should they desire to record the absolute ownership of some estate, and with the citation of the owner or other participants in the ownership, should they desire to record some property right.

"If the estates are located in a town or township where no Judge of First Instance of the subdistrict resides, said proceedings may be held before the proper Municipal Judge, with the consent of the representative of the Public Prosecutor.

"The intervention of the Department of Public Prosecution shall be limited to seeing that the formalities of law are observed in the proceedings."

Articles 391, 392, and 393 refer to the preceding article, which of course is 390, and we find the same treating not only of "*possession*" but "*the absolute ownership*" and "*some other property right.*" Then, while it may be admitted that article 393 of the Mortgage Law has application to possessory proceedings, as held in the Porto Rican Leaf Tobacco Company's case, we cannot say that it has no reference to questions of *absolute ownership,* for that would be giving to that article a limitation which is not justified by Title XIV of that statute when considered in its entirety. No well-defined line is drawn in the law between the kind of evidence necessary in possessory proceedings and such as involve the absolute ownership, generally called the dominion title. But it is hardly reasonable to suppose that the legislator intended to make the proof less rigorous in the latter than in the former cases. If positive proof, through oral testimony given in open court, is required to establish a possessory claim, it would seem clear that at least equal evidence would be required to establish absolute ownership.

Affidavits, while they are mentioned in the law of evidence (section 123) as one of the modes in which the testimony of witnesses may be taken, are not thereby put on an equality, for all purposes, with depositions and oral examina-

tions.   The cases in which affidavits may be used are enumerated in sections 128 and 129 of said law.

This court said in a well-considered case heretofore cited, *Meléndez* v. *Registrar of Guayama,* (17 P. R. R., 575).

"It is unnecessary to dwell on the provisions of the Law of Evidence because we think articles 390 and 391 of the Mortgage Law determine the question.   These articles have never been repealed.   It is the court that is to issue the possessory order that must receive the declarations of the witnesses.   No other court has jurisdiction in the matter.   It is not enough to say that there is no stenographer in the municipal court.   The judge thereof may still write out and file a statement that the witnesses appeared before him and made proof of the facts that the law requires.   To have the witnesses before the officer who is responsible for the issuance of a possessory order is another guaranty to the security of property."

It is true that the third paragraph of article 395 of the Mortgage Law requires the judge "to take cognizance of the claims and proofs submitted in writing," and afterwards, "deciding on said proofs with an impartial judgment," to declare whether the ownership of the property in question is proven or not.   This provision does not necessarily require nor permit the proofs to be by affidavits but only that they shall be *in writing,* which is complied with by using depositions or oral testimony taken before the judge and reduced to writing by the stenographer of the clerk or by the judge himself and signed, in proper cases, by the witnesses.

The fact, if such there be, that no opposition is made to the application does not lessen the care which the court should exercise nor relax the rules which govern in the admission of evidence and should be followed in regard to the proof necessary on which to found a dominion title.   The same vigilance is demanded of the trial court in all cases whether contested or not.   Affidavits, being made *ex parte,* and often hastily and without due consideration, can hardly be ranked as evidence equal to depositions or the oral exami-

nation of witnesses, where interrogatories and cross-inter-rogatories, propounded in presence of the court, or its com-missioner, are likely to elucidate "the truth, the whole truth and nothing but the truth," in relation to the matter under investigation.

But the trial court should have acceded to the request of the applicant seeking to introduce further evidence in support of his petition and accorded to him an opportunity to bring into its presence the affiants who had signed the affi-davits, or other witnesses who could testify to the facts neces-sary to establish the dominion title. The object of this pro-ceeding is to arrive at the justice of the case and if the applicant really has a good title to the land which he claims, and proves it by competent evidence, that fact should be es-tablished by judicial decree. It is not necessary that he should institute a new proceeding to accomplish this purpose when it can be done quite as well and with less expense in the one already begun.

For the reasons stated the order of the district court, entered on June 7, 1911, should be affirmed and the order of June 22, 1911, be reversed in so far as it denies to peti-tioner the right to present further proof to sustain his claim.

*Decided accordingly.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.